quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7160

WRITER'S EMAIL ADDRESS
kevinreed@quinnemanuel.com

November 12, 2021

**VIA ECF**

The request is approved. So ordered.
/s/ Alvin K. Hellerstein
November 24, 2021

The Honorable Judge Alvin K. Hellerstein
U.S. District Court
Southern District of New York
500 Pearl Street - Room 1050
New York, New York 10007

Re: *Beijing Neu Cloud Oriental System Technology Co., Ltd. v. International Business Machines Corporation et al.* 21-cv-07589 (S.D.N.Y.)

Dear Judge Hellerstein:

Pursuant to Rule 4 of Your Honor's Individual Practices in Civil Cases, S.D.N.Y. Local Rule 7.1(d), and the S.D.N.Y.'s Electronic Case Filing Rules & Instructions, International Business Machines Corporation ("IBM Corp.") and IBM World Trade Corporation ("IBM WTC") collectively "Defendants") write to request that the Court grant Defendants leave to file under seal Exhibit A to the Declaration of Kevin S. Reed (the "Reed Declaration") in support of their motion to dismiss.  Defendants submit this letter motion because Exhibit A of the Reed Declaration contains sensitive confidential business information about IBM WTC's transactions and negotiations with its contract counterparty that, if disclosed, could harm the business competitiveness of IBM WTC.

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citation omitted).  Among the relevant countervailing factors are the "privacy of those resisting disclosure" (*id.* at 120), and the "nature and degree of injury" that will result from disclosure (*Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (citation omitted)).

A litigant's interest in keeping confidential its highly sensitive business information to retain its business competitiveness is sufficient to tip the scale in favor of sealing the documents that contain such information.  *See Haley v. Teachers Ins. and Annuity Assn. of Am.*, 2020 WL

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

3618573, at *1 (S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values, including the need to protect an entity from competitive injury.") (citation omitted). Moreover, a party's confidential agreements with its business counterparties are often recognized by courts as justifying protection from the public view. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338 (granting motion to seal the party's confidential trademark licensing agreements considering that "[d]isclosure of these confidential contractual terms could harm [the party] and/or its business partners"); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (sealing exhibits containing non-public business information that "is sensitive and potentially damaging if shared with competitors.") (citation omitted).

Here, Exhibit A to the Reed Declaration, which is a copy of the confidential original equipment manufacturer agreement (the "OEM Agreement") entered into by IBM WTC and its business counterparty, contains sensitive information concerning certain IBM products and the terms negotiated and agreed upon by the parties to the contract. If made public, such information would disadvantage IBM WTC in negotiating future agreements with its business counterparties, as it could be used by competitors against IBM WTC and/or its partner in competing for business from clients or prospective clients.[1]

The proposed sealing only seeks to maintain under seal the OEM Agreement, and is narrowly tailored to serve the purpose of protecting the sensitive business information of IBM WTC. *See*, *e.g.*, *Lugosch*, 435 F.3d at 119-20 ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). In the event the Court is not inclined to grant sealing of the entire OEM Agreement and would prefer a more particularized redaction of the OEM Agreement, Defendants respectfully request a reasonable amount of additional time to meet and confer with opposing counsel regarding the same, and that the Court allow the presently-filed OEM Agreement to remain under seal while the parties seek to agree on a redacted version.

Accordingly, Defendants respectfully request[2] that the Court grant their request to file Exhibit A to the Reed Declaration under seal.

---

[1] IBM WTC and Neu Cloud agreed to maintain the OEM Agreement as confidential. *See* Reed Decl. Exhibit A, § 14.1. Thus, IBM WTC and Neu Cloud both have a contractual obligation to maintain the confidentiality of the OEM Agreement.

[2] Before filing this letter motion to seal, counsel for Defendants contacted counsel for Plaintiff by email. Counsel for plaintiff asked that the OEM Agreement be filed under seal. As set forth in this letter motion, Defendants seek, on their own behalf, to file the OEM Agreement under seal.

Respectfully Submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

BY:   /s/*Kevin S. Reed*_____
      Kevin S. Reed
      Rachel E. Epstein
      51 Madison Avenue, 22nd Floor
      New York, NY 10010
      Tel.: (212) 849-7000
      Fax: (212) 849-7100
      kevinreed@quinnemanuel.com
      rachelepstein@quinnemanuel.com

*Attorneys for Defendants International Business Machines Corporation, IBM World Trade Corporation, and IBM China Company Limited*