UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
BEIJING NEU CLOUD ORIENTAL SYSTEM
TECHNOLOGY CO., LTD.,

                        Plaintiff,

   -against-

INTERNATIONAL BUSINESS MACHINES
CORPORATION, et al.,

                       Defendants.
------------------------------------------------------------ x

**POST-ARGUMENT ORDER GRANTING MOTION TO DISMISS**

21 Civ. 7589 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff initiated this action under the federal Defend Trade Secrets Act, seeking to recover for alleged misappropriation that took place after Plaintiff concluded an agreement with Defendants. On March 21, 2022 I held oral argument on Defendants' motion to dismiss. For the reasons stated on the record and set forth below, Defendants' motion to dismiss is granted as to personal jurisdiction, denied as to subject matter jurisdiction, and granted for failure to state a claim. Plaintiff is given leave to replead.

## BACKGROUND[1]

        Plaintiff is Beijing Neu Cloud Oriental System Technology Co., Ltd. ("Neu Cloud"), a Chinese company initially established by another Chinese company, TeamSun, and businessman Zhuangyan Hao. Defendants are IBM; IBM World Trade Corporation ("IBM WTC"), a wholly owned subsidiary of IBM; and IBM China Company Limited ("IBM China"), a wholly owned subsidiary of IBM organized under the laws of China and headquartered in China. In 2014, IBM China acquired approximately 20% of the shares in Neu Cloud.

---

[1] The Court assumes familiarity with the factual background of this case and the parties' arguments. The following discusses only the facts necessary to resolve the pending motions.

The Complaint alleges that in 2015 Neu Cloud and IBM WTC entered an Original Equipment Manufacturer Agreement (the "OEM Agreement"). That agreement allowed Neu Cloud to purchase equipment from IBM to integrate with its own products to sell to Neu Cloud customers. Pursuant to that agreement, Neu Cloud submitted to IBM China bid requests, which included Neu Cloud's customer information. The Complaint further alleges that IBM went on to form INSPUR, a separate joint venture that now competes with Neu Cloud.

On September 10, 2021 Plaintiff initiated the instant suit alleging one count of misappropriation of trade secrets under the Defend Trade Secrets Act (DTSA). Plaintiff alleges that it shared confidential customer information with IBM China, which then used that information to form a new business venture and compete against Plaintiff. Defendants move to dismiss on subject matter jurisdiction, personal jurisdiction, and 12(b)(6) grounds.

## DISCUSSION

"[T]he plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013). "A prima facie case [of personal jurisdiction] requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 Fed.Appx. 16, 19 (2d Cir. 2015). "In ruling on the motion the court may rely on facts and consider documents outside the complaint." *Cartier v. Micha, Inc.*, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007). "Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).

With respect to the 12(b)(6) motion, Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court may also consider any document relied upon by the plaintiff or which is "integral" to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 153 (2d Cir. 2002). For purposes of this motion, I assume all factual allegations in Plaintiff's complaint are

true and draw all reasonable inferences in Plaintiff's favor. *See Khodeir v. Sayyed*, 323 F.R.D. 193, 198, 200-01 (S.D.N.Y. 2017).

1. **JURISDICTION — THE 12(B)(1) AND 12(B)(2) GROUNDS FOR DISMISSAL**

    A.  **Personal Jurisdiction over IBM China**

    Defendants argue that Plaintiff has not plead sufficient facts to establish personal jurisdiction over IBM China. The parties ardently dispute whether New York law or Chinese law should apply in assessing whether IBM China was an alter ego of IBM. Defendants argue Chinese law is narrower than New York law with respect to veil piercing. Plaintiff maintains that New York law is applicable and that, in any case, Chinese and New York law are equivalent with respect to veil piercing. Regardless of which law applies, Plaintiff has not adequately alleged—even under New York law—that IBM China is a mere alter ego of IBM such that hailing IBM China into this court is appropriate.

    In support of its claim that IBM China is the alter ego of IBM, Plaintiff alleges only that "IBM China is a 100%-owned subsidiary of [IBM] and IBM China was fully controlled by [IBM] in its interactions with Neu Cloud." Compl. ¶ 25. That is far from sufficient, even under New York law. *See Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 475 F. Supp. 2d 456, 458–59 (S.D.N.Y. 2007) (in context of jurisdictional reverse veil piercing, a party must show "the allegedly controlled entity 'was a shell' for the allegedly controlling party"); *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir.1997). The Complaint does little more than assert the very conclusion it sets out to prove. There are no allegations that IBM China is merely a shell for IBM, only that IBM China is a subsidiary of IBM. *Marine Midland Bank*, 664 F.2d at 904 (key question for jurisdictional veil piercing is whether the allegedly controlled entity "was a shell"); *Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Washington*, Inc., 382 F. Supp. 3d 302, 310 (S.D.N.Y. 2019) (conclusory allegations that the foreign entity "[was] a wholly owned subsidiary" and was "acting as agent and on behalf of" its parent failed to establish alter ego jurisdiction). Accordingly, Defendants' motion is granted and the claim against IBM China is dismissed for lack of personal jurisdiction.

### B. Subject Matter Jurisdiction

Defendant argues that the court lacks subject matter jurisdiction because Plaintiff fails to allege that its purported trade secrets are "related to" interstate or foreign commerce, as required by the DTSA. See 18 U.S.C. § 1836(b)(1). The parties also dispute whether this element is jurisdictional. Regardless of whether the "related to" commerce element of the DTSA is jurisdictional, Plaintiff has done enough, at this stage, to allege that subject matter jurisdiction exists. Plaintiff alleges that its trade secrets were conveyed to Defendants as part of bid requests submitted to IBM China. Compl. ¶ 54. The trade secrets in question were lists of prospective customers for specialized products that would include IBM Power Systems, which move in commerce between the United States and China. The motion to dismiss for lack of subject matter jurisdiction is denied.

## 2. The 12(b)(6) Grounds for Dismissal

### A. The Suit is Time-Barred by the OEM Agreement

Defendants argue that the instant suit is time barred because it is covered by the OEM Agreement, which included a two-year limit for bringing claims arising from or related to the OEM Agreement. See OEM Agreement, ECF No. 25, at § 14.9. Plaintiff does not contest that the OEM Agreement can validly limit the statute of limitations, and only argues that its DTSA claim does not "arise out of" and is not "related to" the OEM Agreement. The only signatories to the OEM Agreement are Neu Cloud and IBM WTC, but as noted at oral argument, the language of the agreement sweeps broadly enough to bar suit against IBM China and IBM.

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). Here, the Complaint concedes that "Neu Cloud discovered this misappropriation of its trade secrets no earlier than September 26, 2018. . . . It is at this point that Neu Cloud began to suspect that its confidential customer information was being used improperly by Defendants." Compl. ¶ 74. The instant suit was not filed until September 10, 2021. Under the DTSA, the limitations begins to run from the date on which the

alleged misappropriation is discovered or with reasonable diligence should have been discovered. *Zirvi v. Flatley*, 433 F.Supp.3d 448, 460 (S.D.N.Y. 2020). The statute thus began to run on the date identified in the Complaint—September 26, 2018—and the only question is whether the OEM Agreement's two-year limitations period applies to Neu Cloud's claim.

The Complaint alleges that "*[u]nder the agreement with IBM*, Neu Cloud submitted various bid requests to IBM China. These bid requests included customer information that was confidential to Neu Cloud and confidentially maintained by Neu Cloud as a trade secret." Compl. ¶ 54 (emphasis added). Additionally, the Complaint further alleges that "*[a]s part of the agreement between the parties* . . . IBM China agreed to confidentiality obligations regarding this customer information." Id. ¶ 71 (emphasis added). That language embodies the only allegations that any of the IBM corporations misappropriated Neu Cloud's trade secrets. Given that courts in this circuit have "described the term 'relating to' as equivalent to the phrases 'in connection with' and 'associated with,'" *Coregis Ins. Co. v. Am. Health Found.*, 241 F.3d 123, 128–29 (2d Cir. 2001), the misappropriation alleged relates to the OEM Agreement. *See also Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 327 F. Supp. 3d 673, 687 (S.D.N.Y. 2018) (the phrase "related to" is tantamount to "having a connection, relation, or association with something"). The trade secrets in question were allegedly disclosed to the IBM entities "under" and "as part of" the OEM Agreement. Any alleged misappropriation of those trade secrets, then, would certainly be in connection with or in relation to the OEM Agreement. The suit is thus barred by the OEM Agreement.

If Plaintiff were to prevail in its argument that IBM China is an alter ego of IBM, then all three of IBM China, IBM WTC, and IBM would be alter egos, and all would be subject to the two-year statute of limitations. Thus, if the court has personal jurisdiction and subject matter jurisdiction, the OEM time bar applies; if the time bar does not apply, then by the same token the court would lack jurisdiction.

### B.     Plaintiff Fails to Plead Misappropriation of a Trade Secret

The suit should be dismissed for the additional reason that Plaintiff fails to allege adequately either the existence of trade secrets, or that all of the defendants misappropriated

those trade secrets. To state a claim for misappropriation under the DTSA, a party must allege that (1) it possessed a trade secret; and (2) the defendant misappropriated that trade secret. 18 U.S.C. § 1836(b)(1). The DTSA defines "trade secret" broadly, to include "all forms and types of financial, business, scientific, technical, economic, or engineering information," provided that, "[1] the owner thereof has taken reasonable measures to keep such information secret; and [2] the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3).

District courts in this circuit typically require that allegations of misappropriation plead the existence of trade secrets with sufficient specificity to inform the defendants of what they are alleged to have misappropriated. *Elsevier Inc. v. Doctor Evidence, LLC*, 2018 WL 557906, at *4 (S.D.N.Y. Jan. 23, 2018). "[A] complaint that 'only claims general categories of information and data as trade secrets' does not state a claim under the DTSA because it 'does not adequately put [the defendant] on sufficient notice of the contours of [the] claim for misappropriation.'" *TRB Acquisitions LLC v. Yedid*, 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021) (citations omitted); *see also PaySys Int'l, Inc. v. Atos Se*, 2016 WL 7116132, at *10 (S.D.N.Y. Dec. 5, 2016) (holding the complaint was insufficiently specific when the trade secrets were identified as "the Products, all Enhancements to the Products and all proprietary information, data, documentation and derivative works related to the Products").

Under the DTSA, misappropriation includes "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means." 18 U.S.C. § 1839(5). The term "improper means" includes "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." 18 U.S.C. § 1839(6)(A); *see Kairam v. West Side GI, LLC*, 793 Fed.Appx. 23, 27-28 (2d Cir. 2019).

### 1. Plaintiff does Not Adequately Plead Existence of a Trade Secret

Here, Plaintiffs have done little more than plead "broad categories of information," which is legally insufficient to state a claim. *TRB Acquisitions*, 2021 WL 293122 at, *2. The Complaint alleges that "customer information" is a trade secret and asserts that such information is a trade secret by reciting the statutory elements without providing additional details. Other than noting that non-party TeamSun's efforts "helped to develop the Chinese market for IBM Power Systems products," Compl. ¶ 30, the Complaint fails to allege how Neu Cloud's trade secrets were generated and what type of information is included within the broad ambit of "customer information." Such general allegations are insufficient at this stage. *See Elsevier*, 2018 WL 557906, at *6 ("Alleging the existence of general categories of confidential information, without providing any details to generally define the trade secrets at issue, does not give rise to a plausible allegation of a trade secret's existence."); *Universal Processing LLC v. Weile Zhuang*, 2018 WL 4684115, at *3 (S.D.N.Y. Sept. 28, 2018).

Furthermore, because Plaintiff has not "identified anything about the process of developing [customer] lists" or "shown how their particular value derives from their secrecy," it fails to state a claim. *Democratic Nat'l Comm. v. Russian Fed'n*, 392 F. Supp. 3d 410, 448 (S.D.N.Y. 2019) (citing *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 82 F. Supp. 3d 344, 361 (D.D.C. 2015)).

### 2. Plaintiff Does Not Plead Misappropriation as to IBM WTC

Plaintiff must plead facts that explain how each defendant misappropriated trade secrets. See Xavian Ins. Co. v. Marsh & McLennan Companies, Inc., 2019 WL 1620754, at *6 (S.D.N.Y. Apr. 16, 2019). It has not done so with respect to IBM WTC. The Complaint makes no allegations specific to IBM WTC's misappropriation of trade secrets. Plaintiff argues only that all IBM defendants benefitted from INSPUR's use of the trade secrets, but that is far from enough to find that IBM WTC misappropriated any trade secret.

### 3. Plaintiff Does Not Plead a Territorial Link to IBM China

The DTSA requires that to proceed against a foreign defendant, a Plaintiff must plead that "an act in furtherance of the offense was committed in the United States." 18 U.S.C. §

1837. Nowhere does the Complaint detail any act that occurred in the United States in furtherance of the misappropriation of trade secrets. In its brief, Plaintiff argues that general Internet use in the context of emails between Neu Cloud and IBM China suffice. Even assuming that an act as generic as sending an email via the Internet could satisfy the requirements of the DTSA, both Neu Cloud and IBM China are Chinese companies located in China, and there is nothing to suggest that a discrete act in furtherance of the misappropriation took place in the United States. Accordingly, the claim against IBM China fails for this reason as well.

## CONCLUSION

The motion to dismiss for lack of personal jurisdiction is granted as to defendant IBM China and the motion to dismiss for failure to state a claim is granted as to all defendants. The motion to dismiss for lack of subject matter jurisdiction is denied. Plaintiff may file an Amended Complaint, if it can, to cure the defects discussed in this opinion by April 11, 2022. Defendants shall move or answer by May 9, 2022.

The initial case management conference will be held June 17, 2022 at 10:00 a.m. The Clerk shall terminate ECF No. 19.

SO ORDERED.

Dated:   March 25, 2022                             __/s/ Alvin K. Hellerstein____
         New York, New York                         ALVIN K. HELLERSTEIN
                                                    United States District Judge