quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7160**

WRITER'S EMAIL ADDRESS
**kevinreed@quinnemanuel.com**

May 13, 2022

The request to file the identified documents under seal is granted. So ordered.
/s/ Alvin K. Hellerstein
May 18, 2022

**VIA ECF**

The Honorable Judge Alvin K. Hellerstein
U.S. District Court
Southern District of New York
500 Pearl Street - Room 1050
New York, New York 10007

Re: *Beijing Neu Cloud Oriental System Technology Co., Ltd. v. International Business Machines Corporation et al.* 21-cv-07589 (S.D.N.Y.)

Dear Judge Hellerstein:

Pursuant to Rule 4 of Your Honor's Individual Practices in Civil Cases, S.D.N.Y. Local Rule 7.1(d), and the S.D.N.Y.'s Electronic Case Filing Rules & Instructions, International Business Machines Corporation ("IBM Corp.") and IBM World Trade Corporation ("IBM WTC") collectively "Defendants") write to request that the Court grant Defendants leave to file under seal Exhibits A to D to the Second Declaration of Kevin S. Reed (the "Second Reed Declaration") in support of their motion to dismiss Plaintiff's Amended Complaint. Defendants submit this letter motion because Exhibits A to D to the Second Reed Declaration contain sensitive confidential business information about IBM WTC's transactions and negotiations with its contract counterparty that, if disclosed, could harm the business competitiveness of IBM WTC.

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citation omitted). Among the relevant countervailing factors are the "privacy of those resisting disclosure" (*id.* at 120), and the "nature and degree of injury" that will result from disclosure (*Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (citation omitted)).

A litigant's interest in keeping confidential its highly sensitive business information to retain its business competitiveness is sufficient to tip the scale in favor of sealing the documents that contain such information. *See Haley v. Teachers Ins. and Annuity Assn.* of Am., 2020 WL

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

3618573, at *1 (S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values, including the need to protect an entity from competitive injury.") (citation omitted). Moreover, a party's confidential agreements with its business counterparties are often recognized by courts as justifying protection from the public view. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338 (granting motion to seal the party's confidential trademark licensing agreements considering that "[d]isclosure of these confidential contractual terms could harm [the party] and/or its business partners"); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (sealing exhibits containing non-public business information that "is sensitive and potentially damaging if shared with competitors.") (citation omitted).

Exhibits A to D to the Second Reed Declaration are copies of business agreements entered into by IBM WTC and Plaintiff Beijing Neu Cloud Oriental System Technology Co., Ltd. ("Neu Cloud"). Specifically, these documents are (1) the confidential original equipment manufacturer agreement (the "OEM Agreement"),[1] (2) Amendment Number 2 to the OEM Agreement ("Amendment Number 2"), (3) the Business Partner Agreement (the "BPA"), and (4) Business Partner Agreement Special Bid Addendum (the "Special Bid Addendum") between IBM WTC and Neu Cloud. These agreements contain sensitive information concerning certain IBM products, including pricing information and other terms, that was negotiated and agreed upon by the parties to the contract. If made public, such information would disadvantage IBM WTC in negotiating future agreements with its business counterparties, as it could be used by competitors against IBM WTC and/or its partner in competing for business from clients or prospective clients.[2]

The proposed sealing only seeks to maintain under seal the OEM Agreement, the BPA, together with their respective amendment and addendum agreements, and is narrowly tailored to serve the purpose of protecting the sensitive business information of IBM WTC. *See, e.g., Lugosch*, 435 F.3d at 119-20 ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). In the event the Court is not inclined to grant sealing of the entirety of these agreements and would prefer a more particularized redaction of each of them, Defendants respectfully request a reasonable amount of additional time to meet and confer with opposing counsel regarding the same, and that the Court allow the presently-filed OEM Agreement, Amendment Number 2, BPA, and the Special Bid Addendum to remain under seal while the parties seek to agree on the redacted versions.

---

[1] IBM WTC and Neu Cloud agreed to maintain the OEM Agreement as confidential (*see* OEM Agreement, § 14.1), and the parties agreed in Amendment Number 2 that "all terms of the OEM Agreement shall remain in full force and effect" (Amendment Number 2, Art. XVIII). Thus, IBM WTC and Neu Cloud both have a contractual obligation to maintain the confidentiality of the OEM Agreement and the amendments thereof.

[2] The Court has previously granted Defendants' motion to file the OEM Agreement under seal, in connection with their motion to dismiss Neu Cloud's original Complaint. Dkt. No. 26.

Accordingly, Defendants respectfully request[3] that the Court grant their request to file Exhibits A to D to the Second Reed Declaration under seal.

                          Respectfully Submitted,

                          QUINN EMANUEL URQUHART & SULLIVAN, LLP

                        BY:  /s/ _Kevin S. Reed_____
                               Kevin S. Reed
                               Rachel E. Epstein
                               51 Madison Avenue, 22nd Floor
                               New York, NY 10010
                               Tel.: (212) 849-7000
                               Fax: (212) 849-7100
                               kevinreed@quinnemanuel.com
                               rachelepstein@quinnemanuel.com

                          *Attorneys for Defendants International Business Machines Corporation, IBM World Trade Corporation, and IBM China Company Limited*

---

[3] Before filing this letter motion to seal, counsel for Defendants contacted counsel for Plaintiff by email. Counsel for Plaintiff asked that Amendment Number 2, the BPA, and the Special Bid Addendum be filed under seal. Counsel for Plaintiff had previously asked that the OEM Agreement be filed under seal (before Defendants filed their November 13, 2021 letter motion to seal). As set forth in this letter motion, Defendants seek, on their own behalf, to file Exhibits A to D to the Second Reed Decl. under seal.