UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEIJING NEU CLOUD ORIENTAL SYSTEM TECHNOLOGY CO., LTD.,

Plaintiff,

-against-

INTERNATIONAL BUSINESS MACHINES CORPORATION, et al.,

Defendants.

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

21 Civ. 7589 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

This case involves a dispute between two Chinese companies and an alleged theft and misappropriation of trade secrets in China by Defendants International Business Machine Corporation World Trade Center ("IBM WTC"), International Business Machine Corporation ("IBM Corp."), and International Business Machine Corporation China ("IBM China").

Plaintiff Beijing Neu Cloud Oriental System Technology Co., Ltd. ("Plaintiff"), a Chinese corporation, entered into a series of agreements with IBM WTC to distribute IBM's technology in China. First, the Plaintiff and IBM WTC signed an Original Equipment Manufacturer Agreement (the "OEM Agreement"), under which Plaintiff was allowed to purchase and distribute IBM technology in China. (ECF No. 45-2.)

Second, the Plaintiff and IBM WTC signed a Business Partnership Agreement ("BPA"), naming Plaintiff as a partner/distributor. (ECF No. 45-3.) The BPA also included a Confidentiality Agreement, pursuant to which Defendants agreed to use confidential information transmitted to them by Plaintiff only for the purpose for which it was disclosed and to disclose the information only to employees with a need to know. (ECF No. 45-3 at 6.) The Confidentiality Agreement does not define "confidential information" and provides only that

such information should be marked with a "restrictive legend," or if not, identified as confidential at the time of disclosure. (ECF No. 45-3 at 6.) The Confidentiality Agreement also made exceptions to the confidentiality obligations. Specifically, it provided that Defendants "may use in [their] business activities the ideas, concepts and know-how contained in the [Plaintiff's] Information which are retained in the memories of [Defendants'] employees who have had access to the Information under this Agreement." ECF No. 45-3 at 7.

An amendment to the BPA provided for a "Special Bid Request" process, through which Plaintiff could request authorization to offer a discount or special price for products in support of specific sales opportunities. (ECF No. 45-4.) Plaintiff agreed, however, not to disclose any aspect of a "Special Bid" to any party outside Plaintiff's organization and only to disclose within its organization to employees with a strict need to know, unless given prior written approval from IBM. (ECF No. 45-4 at 4.) Plaintiff alleges that in submitting "Special Bids," it transmitted trade secret information to IBM WTC, including the names of specific customers interested in buying certain IBM products, the customer's address, the remarketers and additional tier parties necessary for doing business with those parties, the pricing and margins at which these customers were willing to buy such products, the specific products such customers were interested in purchasing, and confidential analyses of the competitive situation and bid strategy for each customer. *See* First Amended Complaint ("FAC") ¶¶ 2, 75, 88, ECF No. 38. If IBM WTC approved a "Special Bid," Plaintiff would be allowed to sell at a proposed discount price to the approved customer.

Both the OEM and BPA provided a shortened statute of limitations period of two years for claims arising out of or relating to the agreements. And the OEM, BPA, and the BPA Confidentiality Agreement included choice-of-law provisions, with Delaware law applying to the

OEM, New York law to the BPA, and Chinese law to the Confidentiality Agreement. Plaintiff alleges that (1) over the course of several years, it transmitted information about customers pursuant to the Special Bid Request process and subject to the Confidentiality Agreement; (2) "at least two individuals at IBM China with knowledge of [Plaintiff's] trade secret information were encouraged by [Defendants] to join [non-party] INSPUR Power;" Compl. ¶ 80 and that "[w]hile at INSPUR Power, those former IBM China employees . . . used [Plaintiff's] trade secret information to contact [Plaintiff's] customers and inform them of INSPUR Power's rival business, to the benefit of each of the Defendants, thereby misappropriating [Plaintiff's] trade secrets through the unauthorized use . . . and unauthorized disclosure (to INSPUR Power)." ¶ 117. Plaintiff claims that Defendants' conduct violates the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836(a).

I previously dismissed the claims in the original complaint against IBM China for lack of personal jurisdiction. I also dismissed the claims against IBM Corp. and IBM WTC, for failure to state a claim for relief on several grounds. First, I found that the claims were time-barred by the statute of limitations provided in the OEM. Second, I found Plaintiff failed plausibly to allege trade secrets. Finally, I found that Plaintiff's claims were barred under Section 1837 because no act in furtherance of the misappropriation was alleged to have taken place in the United States.

Plaintiff filed a First Amended Complaint (ECF No. 38), aiming to cure the identified deficiencies. Defendants again move to dismiss (ECF No. 41), renewing their arguments that I lack personal jurisdiction over IBM China; that Plaintiff's claims are still time-barred; and that Plaintiff fails plausibly to allege a trade secret within the meaning of the DTSA. In addition, they now purport to offer an additional ground for dismissal, res judicata.

Contemporaneous with this action, Plaintiff also filed suit against Defendants in New York state court, asserting claims for unfair competition, unjust enrichment, breach of fiduciary duty, breach of contract, and tortious interference with contractual relationships. The state court has dismissed the action as time-barred by the 2-year statute of limitations in the OEM. Defendants argue that because Plaintiff could have asserted its DTSA claim in the New York state proceeding, and because the claim arises out of the same factual context, the state court dismissal requires dismissal of the instant action.

I agree with Defendants that Plaintiff fails plausibly to allege personal jurisdiction over IBM China, and dismiss the case against it with prejudice. Although I disagree that res judicata bars Plaintiff's claims against IBM Corp. and IBM WTC, I hold that dismissal is warranted for three independent reasons.

First, the claim is subject to the two-year statute of limitations in both the OEM and BPA, and thus is time-barred.

Second, Plaintiff's claim fails on the merits. Plaintiff has not alleged plausibly that it transmitted trade secrets. Although it alleges that the information transmitted constituted trade secret information, there are no allegations that the information was identified with a restrictive legend or identified as confidential at the time of disclosure, as required under the Confidentiality Agreement. Plaintiff also fails to allege any plausible act of misappropriation because, as described, the conduct alleged to constitute misappropriation falls within the enumerated exception to the parties' obligations under the Confidentiality Agreement.

Third, even assuming Plaintiff plausibly alleged a DTSA claim, dismissal would still be warranted because Section 1837 limits the DTSA's application to natural persons, U.S. citizens or permanent resident aliens of the United States or U.S. entities, or where an act in

furtherance of the offense was committed in the United States. None of these applies here, so Section 1837 is not available. For these reasons, and as explained below, the motion to dismiss is granted.

*Personal Jurisdiction over IBM China*

The motion to dismiss against IBM China for lack of personal jurisdiction is granted. As stated in my prior order, mere allegations of control and domination, without more (*i.e.*, use of such domination to commit a fraud or wrong), does not afford an adequate basis for exercising personal jurisdiction over a nondomiciliary subsidiary. Plaintiff argues that its allegations that IBM WTC received its special bids constitutes the something more—an act in furtherance of misappropriation. Misappropriation through acquisition requires that a party acquire a trade secret knowingly, or with reason to know, that the trade secret was acquired through "improper means." *See* 18 U.S.C. § 1839(5). IBM WTC's acquisition was authorized by the Special Bid Request Process agreement and lawful. The conduct Plaintiff describes was not an act in furtherance of misappropriation and cannot be the basis for exercising personal jurisdiction over IBM China.

Plaintiff also claims that IBM WTC instructed its IBM China subsidiary and its employees to misappropriate the information. The offense, however, was committed by IBM China, acting in China, and cannot be the basis for exercising personal jurisdiction over IBM China.

*Statute of Limitations*

The claims against all Defendants must be dismissed as time-barred under either the OEM or the BPA. Plaintiff tries to avoid the 2-year statute of limitations by arguing that the alleged misappropriation did not arise out of or relate to either agreement. Plaintiff claims that

the misappropriation arose from a separate course of dealings, the special bids process, and that these dealings were independent of and not contemplated by the OEM. Although Plaintiff alleges that the misappropriation occurred during the submission of special bid requests, which would appear to make the claim subject to the BPA's 2-year statute of limitations, Plaintiff claims that Chinese law governs, and that under Chinese law, parties may not contractually waive or modify statutes of limitations. However, if the Confidentiality Agreement is the source of the obligations alleged to have been breached, then Chinese law applies, and not the DTSA. On the other hand, if Plaintiff's claim under the DTSA is viable, then Chinese law has nothing to say about the parties' rights under American law, including the right under American law to contractually waive or modify the statute of limitations. Thus, there are three possible outcomes here; Plaintiff loses in each one. First, the alleged misappropriation arises out of or relates to the OEM, and Plaintiff's claim is barred by the 2-year statute of limitations. Second, the claim arises out of the BPA and the Confidentiality Agreement and is barred by the BPA's 2-year statute of limitations. Third, Plaintiff's claim solely arises out of the Confidentiality Agreement and under Chinese law, and Plaintiff fails to state a claim under the DTSA.

*Failure to State a Claim*

The claims are also subject to dismissal for failure to state a claim on the merits. First, Plaintiff fails plausibly to allege that it disclosed trade secrets to Defendants. The identity of potential customers is available through public and independent sources; it is implausible that Defendants would not be able to identify potential users of IBM technology without Plaintiff having identified some of them. In its opposition, Plaintiff points to the Special Bids Process agreement as evidence that the special bids were of a confidential nature. It claims that the language in the agreement mirrors its allegations in the FAC that Defendants represented that

they would keep Plaintiff's information confidential. Plaintiff's reliance on the Special Bids Process agreement is unavailing. Paragraph 7 states "You [Plaintiff] shall maintain confidentiality on this Special Bid and not disclose any aspect of it to any party outside your organisation without prior IBM written approval. Disclosure within your organization shall be restricted to only your employees who have a strict need to know." (ECF No. 45-4 at 4.) That provision is plainly aimed at protecting IBM. It restricts Plaintiff from sharing information beyond those with need to know in its organisation. The plain language of the agreement does not protect whatever secrets Plaintiff claims to have transmitted. Furthermore, the Confidentiality Agreement required Plaintiff to mark confidential information with a restrictive legend or identify the information as confidential at the time of disclosure. The FAC contains no allegations that Plaintiff complied with this obligation. Plaintiff's conclusory allegations that it transmitted trade secrets is insufficient and contrary to the terms of the Confidentiality Agreement.

In addition, Plaintiff fails to state a claim under the DTSA because the conduct described does not constitute misappropriation. The Confidentiality Agreement expressly exempted use of information retained in the memories of employees. Plaintiff does not allege the misappropriation of any documents. As alleged, the purported use by employees at IBM China falls squarely within the exceptions of the agreements.

*Section 1837*

Finally, Plaintiff's claims are subject to dismissal under Section 1837 of the DTSA, which requires that the misappropriation be completed by a natural person, U.S. citizen, entity, or organization, or that an act in furtherance of misappropriation was taken in the United States. None of these applied. None of the defendants is a natural person or U.S. entity or

organization. In addition, and as discussed above, no act in furtherance was taken in the United States.

In sum, the motion to dismiss for lack of personal jurisdiction is granted as to IBM China. The motion to dismiss also is granted as to all defendants because the action is time-barred, fails plausibly to state a claim for relief, and is foreclosed by Section 1837. The Clerk of Court shall terminate ECF No. 41, enter judgment in favor of Defendants, and mark the case closed.

SO ORDERED.

Dated: November 9, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge